IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BREYER CAPITAL MANAGEMENT, L.P.,<br>　　*Plaintiff*, | §<br>§<br>§<br>§ | |
| | § | Civil Action No. 1:23-cv-176 |
| v. | §<br>§ | Jury Demanded |
| CATHERINE ROBERTS,<br>　　*Defendant*. | §<br>§<br>§<br>§ | |

---

**DEFENDANT CATHERINE ROBERTS' NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Catherine Roberts ("**Defendant**") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby removing this civil action from the 345th District Court of Travis County, Texas, where it is currently pending as Case No. D-1-GN-23-000630, to the United States District Court for the Western District of Texas, Austin Division.

## SUMMARY

This Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Breyer Capital Management, L.P. has members which are citizens of the State of Texas, the State of Delaware, and the State of Illinois. Defendant Catherine Roberts is a citizen of the state of California.

## BACKGROUND

On February 9, 2023, an action was commenced in the 345th Judicial District Court, Travis County, Texas entitled *Breyer Capital Management, L.P. v. Catherine Roberts*, as Case Number D-1-GN-23-000630 (the "Action").  Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, and any other process, pleading, or orders in the case are attached hereto as **Exhibit 1**.  In the Action, Plaintiff asserts a variety of claims, including theft under the Texas Theft Liability Act, conversion, unjust enrichment, breach of fiduciary duty, and fraud. Plaintiff also seeks injunctive relief, a writ of attachment, exemplary damages, expedited discovery, and attorney's fees.

Ms. Roberts received a copy of the Complaint via email on February 9, 2023, and was served with the Complaint for the Action on February 13, 2023.  Therefore, this Notice of Removal is timely filed.[1]

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.      The amount-in-controversy requirement is satisfied.**

In the Fifth Circuit, the test for determining whether the amount-in-controversy exceeds the jurisdictional amount is "whether it is more likely than not that the amount of the claim will

---

[1] 28 U.S.C. § 1446(b)(1).

exceed $75,000."[2]  In conducting this analysis, the district court must "first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."[3]

Here, it is facially apparent from the Plaintiff's state court petition that the amount in controversy exceeds the $75,000 jurisdictional threshold.  In the seventh numbered paragraph of Plaintiff's original petition, Plaintiff states that it "seeks monetary relief ***over $1,000,000***."[4]

Accordingly, the amount in controversy in this Action exceeds $75,000, exclusive of interest and costs. Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

### B.    Complete diversity of citizenship exists between Plaintiff and Defendant.

Plaintiff does not allege the citizenship of Defendant at the time of filing. Instead, Plaintiff states in its state court petition Ms. Roberts ***was*** an individual residing in Travis County, Texas at all relevant times, but subsequently indicates that Ms. Roberts may be served with process at her residence in San Francisco, California.[5] At the time Plaintiff filed the Action, Ms. Roberts was a citizen of the State of California.

Plaintiff states it is a "family office" based in Austin, Texas.[6] Plaintiff is a limited partnership that was formed under the laws of the state of Delaware on January 20, 2015. For purposes of diversity jurisdiction, the citizenship of a partnership is determined by the citizenship of each member of the entity.[7] The general partner of Breyer Capital Management, L.P. is Breyer Capital Management Corporation, which was incorporated in the state of Delaware and has its principal place of business in Illinois. The limited partner is James W. Breyer, a citizen of the state

---

[2] *See Polinard v. Homecomings Fin. Network,* No. SA-06-CA-1130 FB (NN), 2007 U.S. Dist. LEXIS 43521, at *4 (W. D. Tex. June 14, 2007)
[3] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).
[4] *See* Exhibit 1, Part B at ¶ 7.
[5] *See id.* at ¶ 3.
[6] *Id.* at ¶ 2.
[7] *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990).

of Texas. Defendant, Catherine Roberts, is a citizen of the State of California.

Accordingly, complete diversity of citizenship exists between all Plaintiffs and all Defendants in this action, and this Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(1).

### C.    Other prerequisites for removal are satisfied.

This notice of removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file the notice of removal."[8] Plaintiff filed its original petition with the state court on February 9, 2023, and emailed a copy of that petition to Defendant Catherine Roberts the same day. Ms. Roberts was personally served with a copy of the Complaint for the Action on February 13, 2023.

This action is properly removed to the United States District Court for the Western District of Texas, Austin Division, which is the "district and division embracing the place where [the] action is pending."[9]

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action to be included with this notice of removal. Defendant was served with or has obtained from the Travis County District Court the following papers, and has attached them hereto as **Exhibit 1**:

- Part A – State Court Docket Sheet

- Part B – Plaintiff's Original Petition and Verified Application for Injunctive Relief and Writ of Attachment

- Part C – Temporary Restraining Order

- Part D – Order Granting Plaintiff's Motion for Expedited Discovery

---

[8] 28 U.S.C. § 1446(b)(2)(B).
[9] 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 124(d)(1) (listing the counties within the Austin Division of the Western District of Texas).

Defendant is filing concurrently herewith a completed civil cover sheet, the required supplement to JS 44 for cases removed from state district court, a copy of the pleading against Defendant triggering this removal,[10] a copy of the state court docket sheet,[11] a copy of all other pleadings and orders in the state court case,[12] and a list of all counsel of record.[13]

Pursuant to 28 U.S.C. § 1446(d), a notice of the filing of this Notice of Removal, and copies of this Notice of Removal and all attachments will be served upon counsel for Plaintiff. The notice of removal attached hereto as **Exhibit 3**, along with a copy of this Notice of Removal will also be filed with the clerk of the 345th Judicial District Court, Travis County, Texas.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing, evidence, and argument in support of its position that subject matter jurisdiction exists.

## <u>CONCLUSION</u>

For the reasons set forth above, this Action is properly removable under 28 U.S.C. § 1332(a). Defendant respectfully requests that this Court proceed with this matter as if it had originally been filed herein. Defendant further requests any such other relief to which she may be justly entitled.

Dated: February 14, 2023

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

Randy R. Howry

---

[10] Exhibit 1, Part B.
[11] Exhibit 1, Part A.
[12] Exhibit 1, Parts C & D.
[13] Exhibit 2.

State Bar No. 10121690
rhowry@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorneys for Defendant Catherine Roberts*

## CERTIFICATE OF SERVICE

I certify that this document and all attachments were served on all opposing counsel of record on February 14, 2023, via the Court's ECF system at:

Scott Weatherford
Matt Dow
JACKSON WALKER, LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
sweatherford@jw.com
mdow@jw.com
*Attorneys for Plaintiff*
*Breyer Capital Management, LP*

_____
Randy Howry

# Exhibit 1

# Exhibit 1

## Part A

345th District Court

# Case Summary

### Case No. D-1-GN-23-000630

| | | |
|---|---|---|
| **BREYER CAPITAL MANAGEMENT L.P. vs. CATHERINE ROBERTS** | §<br>§<br>§ | Location: **345th District Court**<br>Judicial Officer: **345TH, DISTRICT COURT**<br>Filed on: **02/09/2023** |

---

## Case Information

**Bonds**

| | | | | |
|---|---|---|---|---|
| **TEMP RESTRAINING ORD BOND (CASH)** | #00011029 | $1,000.00 | Case Type: | Debt/Contract - Debt/Contract |
| 02/09/2023<br>Counts: 1 | | Posted | Case Status: | **02/09/2023   Open** |

---

## Assignment Information

**Current Case Assignment**

Case Number      D-1-GN-23-000630
Court               345th District Court
Date Assigned   02/09/2023
Judicial Officer  345TH, DISTRICT COURT

---

## Party Information

**Defendant**   **ROBERTS , CATHERINE**

---

## Case Events

02/09/2023      ORDER      (Judicial Officer: EISERLOH, LAURIE)
                *TEMPORARY RESTRAINING ORDER*

02/09/2023      ORDER      (Judicial Officer: EISERLOH, LAURIE)
                *ORDER GRANTING PLAINTIFF S MOTION FOR EXPEDITED DISCOVERY*

02/09/2023      ORDER      (Judicial Officer: EISERLOH, LAURIE)
                *ORDER GRANTING PLAINTIFF S MOTION FOR EXPEDITED DISCOVERY*

02/09/2023
                ORIGINAL PETITION/APPLICATION (OCA)
                *PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATION FOR INJUNCTIVE RELIEF AND WRIT OF ATTACHMENT*
                Atty/Pro Se:   Attorney Dow, James Matthew

02/10/2023      OTHER/NOTICE
                *PROCESS REQUEST FORM - CATHERINE ROBERTS*

---

## Service Events

**345th District Court**

## Case Summary

### Case No. D-1-GN-23-000630

| | |
|---|---|
| 02/09/2023 | **Citation**<br>ROBERTS , CATHERINE<br>Unserved |
| 02/13/2023 | **Writ**<br>ROBERTS , CATHERINE<br>Unserved |

# Exhibit 1

## Part B

2/9/2023 11:18 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-000630
Jessica A. Limon

D-1-GN-23-000630

CAUSE NO. _____

| | | |
|---|---|---|
| **BREYER CAPITAL MANAGEMENT, L.P.,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CATHERINE ROBERTS,** | § | 345TH, DISTRICT COURT |
| *Defendant.* | § | **___ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATION FOR INJUNCTIVE RELIEF AND WRIT OF ATTACHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Breyer Capital Management, L.P. ("Breyer Capital" or "Plaintiff"), and files this Original Petition and Verified Application for Injunctive Relief and Writ of Attachment against Defendant Catherine Roberts ("Roberts" or "Defendant"), and in support thereof respectfully shows the Court as follows:

### **INTRODUCTION**

In 2015, Defendant Catherine Roberts began working for Breyer Capital, a venture capital firm. Over the next several years, Breyer Capital entrusted Roberts with more responsibility. Roberts, however, abused that trust and carried out a scheme to embezzle company funds for her own personal use. Roberts unilaterally raised her salary and annual bonuses and used company accounts to finance her extravagant lifestyle and increase her own financial position. Worse, Roberts concealed the true nature of her expenses, even going so far as to forge invoices from vendors. Breyer Capital brings this lawsuit to unwind Roberts's fraudulent scheme and reclaim the money and property she stole.

# I.
## DISCOVERY CONTROL PLAN

1.     Breyer Capital intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure, Section 190.4.

# II.
## PARTIES

2.     Breyer Capital Management L.P. is a family office focused on venture capital investments based in Austin, Texas.

3.     At all times relevant to this dispute, Defendant Catherine Roberts was an individual residing in Travis County, Texas.  Defendant Roberts may be served with process at her residence, 685 Florida Street, Penthouse, San Francisco, California, or at any other place where she may be found.

# III.
## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court pursuant to Section 24.007 of the Texas Government Code.  The amount in controversy is within the jurisdictional limits of the Court.

5.     This court may exercise personal jurisdiction over Defendant because she was a resident of Texas, did business in Texas, and the acts at issue in this matter were committed primarily in Texas.  Defendant Catherine Roberts moved to Texas when Breyer Capital relocated its primary business operations to Texas.

6.     Venue is proper in Travis County, Texas because all or a substantial part of the events or omissions alleged below and in this lawsuit occurred in Travis County, Texas.  *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## IV.
## RULE 47 DISCLOSURE

7.      Pursuant to Tex. R. Civ. P. 47, this is an action for theft, fraud, and breach of fiduciary duty resulting from Defendant's misappropriation of over $1 million in company funds.  Plaintiff seeks monetary relief over $1,000,000.

## V.
## FACTS

8.      Breyer Capital is a premier global venture capital and private equity investor focused on catalyzing high-impact entrepreneurs in the United States, Europe, and in emerging markets like Africa.  Breyer Capital frames strategic investments anchored by the passion of founders, the insights of its network of world-class investors, and a conviction that artificial intelligence and machine learning will transform technology and investment opportunities globally.

9.      Breyer Capital employed Catherine Roberts as Administrative Assistant beginning in February 2015.  Pursuant to her initial offer letter, Breyer Capital paid Roberts an initial annual salary of $60,000.  The offer letter also provided that her "salary will be determined in accordance with the compensation practices of the Company, in its sole discretion" and that a "bonus may also be paid on an annual basis going forward, in the Company's sole discretion."

10.     In her role as Administrative Assistant, Roberts was responsible for providing office support and ensuring the business of Breyer Capital ran smoothly.  This included fielding phone calls, managing office visitors, and creating documents, spreadsheets, and other filings.  In 2019, Roberts began acting as the COO for Plaintiff. In this position, Breyer Capital

assigned Roberts with establishing and monitoring financial policies, procedures, controls, and reporting systems for Breyer Capital. This involved making sure bills get paid and reviewing expenses and costs. Breyer Capital entrusted Roberts with the responsibility of administering and disbursing company funds. For example, Breyer Capital enabled Roberts to be a signatory on accounts owned by the company and the company's affiliates, including Citibank business accounts (the "Citi Accounts") and American Express Credit Cards ("AmEx Cards"), which allowed her to withdraw funds, write checks, and make charges from these accounts.

11.    As set forth below, Roberts abused the trust and financial responsibility provided by Breyer Capital by engaging in a concerted effort to steal, misappropriate, and embezzle company funds to finance her lavish lifestyle and create her own wealth.

12.    Based on outgoing wire transfers from one of the company's Citi Accounts, at least $974,000 of ACH wire transfers were made to an account at Chase that matches the account Roberts used for her payroll deposits. But since Breyer Capital utilizes ADP direct deposit for its payroll, these wire transfers were unrelated to any salary or bonus earned by Roberts. The wires were not initiated by any other Breyer Capital employee or officer who had access to the accounts. Further, the Citi Accounts statements reveal at least $1,090,000 of transfers to an account belonging to Wheels Up, a private jet charter company.

13.    It is unclear at this point where all of the stolen money has gone or for what it was used. However, beginning in 2019 when Roberts gained access to the company's financial accounts, Roberts and her husband's social media profile suddenly reflected a lavish lifestyle that included luxurious hotels (*e.g.*, Four Seasons in Austin and Florence), five-star restaurants (*e.g.*, Le Bernardin in New York and Jeffrey's in Austin), and luxury handbags (*e.g.*, Hermés).



14.     Roberts also began taking extravagant trips to locations abroad like Los Cabos,

Mexico, Florence, Italy, and the French Alps:



There was no business reason for Roberts to be taking these trips.

15.     In some instances, direct connections can be drawn from the embezzlement and Roberts's outward-facing activities.   For example, on September 22, 2022, Roberts charged $40,025.15 to the AmEx Card for a private Wheels Up jet from Austin to Napa Valley. The Citi Accounts also showed the following checks payable to the Napa Valley Reserve:

| 2/23/2021 | Check # 2641 | (3,700.00) | Napa Valley Reserve | Wine - Roberts |
| 4/13/2021 | Check # 2642 | (13,686.45) | Napa Valley Reserve | Wine - Acct 15597 |
| 8/6/2021 | Check # 3136 | (7,353.94) | Napa Valley Reserve | Wine |
| 8/25/2021 | Check # 3137 | (3,574.18) | Napa Valley Reserve | Wine |
| 12/8/2021 | Check # 2647 | (2,930.40) | Napa Valley Reserve | Wine |
| | | **(31,244.97)** | | |

A few days later, on October 2, 2022, Roberts was seen on Instagram at the Napa Valley Reserve:



16.     In another transaction, a wire transfer was initiated from a non-Breyer Capital but private family account for $1,831,971.98 on July 9, 2021.



| Check | 07/09/2021 | Unknown | DOMESTIC WIRE TRANSFER REF... | Cash | 1,831,971.98 |

Breyer Capital had no business reason to transfer that amount on that date and could not

otherwise determine the purpose of the transfer. Upon information and belief, Roberts purchased a condo in downtown Austin on July 9, 2021 using Breyer Capital funds. This condo was recently listed for rent at $8,000 per month:



17.    Not only did Roberts apparently use Breyer Capital funds to finance the purchase of a downtown condo in Austin, but she also paid property taxes with company money. In November 2022, Roberts charged $34,215.68 to the AmEx Card to "TTX Property Tax."



The charged amount of $34,215.68 is the same amount of property taxes assessed against a San Francisco condo owned by Roberts:



Upon information and belief, Roberts also used Breyer Capital funds to pay 2022 property taxes totaling $41,244.61 for the condo located in Austin, Texas.

18.     In many cases involving corporate theft, the cover-up is worse than the crime. In this case, Roberts mischaracterized or outright lied about certain expenses she was charging to the company's accounts.  At certain points throughout her employment, Breyer Capital's tax accountants asked Roberts to provide descriptions for certain charges to the AmEx Card so that the accountants could identify personal nondeductible expenses versus business expenses in preparation for filing the company's tax returns.  In February 2021, Roberts identified a charge from October 7, 2020 for $29,779 by vendor Gander and White as "art shipment from CA to TX."  When the accountants asked for the supporting invoice, Roberts provided an invoice from Gander and White purportedly in the amount of $29,779.  But the $29,779 charge on the AmEx Card on October 7, 2020 was actually for a Wheels Up private jet:

| 10/07/20 | BLS*WHEELS UP PARTNERS 212-257-5252 | NEW YORK | NY | $29,779.00 |
|----------|-------------------------------------|----------|----|-----------|

Breyer Capital then contacted Gander and White directly to get a copy of the real invoice, which showed the same invoice number but a different amount: $32,517 that had been paid

by check in September 2020.  On information and belief, Roberts forged an invoice and duplicated a legitimate charge to cover up her own private jet expense.

19. Roberts mischaracterized multiple other expenses, including the following:

| Date | Amount | AmEx Statement Description | Roberts Description |
|---|---|---|---|
| 10/19/20 | $32,692.00 | BLS*Wheels Up Partners | "personal home purchase" |
| 01/07/22 | $28,175.67 | BLS*Wheels Up Partners | "personal furnishing purchase —jim" |
| 04/02/22 | $130,711.88 | Farfetch.com | "personal rug purchase for 7917 big view" |
| 11/09/22 | $17,844.62 | Brunello Cucinelli | "hotel for Ted/Sophie on Singapore trip" |

20. On December 29, 2022, Breyer Capital terminated Roberts's employment.  *See* Exhibit 2 (12/29/22 Letter from R. Guo).  In the termination letter, Breyer Capital demanded disclosure and reimbursement of "each instance in which you used company resources for your personal benefit, including but not limited to the unauthorized bonus that you paid to yourself, unauthorized payment of additional salary from WPB Management, LLC (f/k/a WPB, LLC), your use of company monies to pay your personal property taxes, and use of company monies for personal luxury items and unauthorized travel (including unauthorized use of private air travel)."  *Id.*  Breyer Capital also demanded Roberts return all company property in her possession, "including but not limited to your files (hard copy and electronic) and Breyer-issued computers, laptops or cellphones (as well as accompanying log-ins/passwords)."  *Id.*  Critically, Breyer Capital reminded Roberts of her obligation to "preserve all electronic communications (emails and text messages)" regarding her activities. *Id.*

21. At this point, Breyer Capital still does not know the entire magnitude of Roberts's misconduct, nor does Breyer Capital know what happened to all of the stolen funds.

Still, Roberts's theft has resulted in a total loss of at least $1,000,000. Roberts was not authorized to make these expenditures, and the amount taken is an outstanding debt owed by Roberts to Breyer Capital that has not been paid nor satisfied by Roberts.

22.    Since being confronted with these allegations, Roberts has not returned the stolen funds. Instead, Roberts has attempted to destroy evidence and cover her tracks. For example, when Roberts returned her devices to the company, Breyer Capital discovered that she had wiped them clean and improperly deleted all relevant information and data from those devices. Moreover, Roberts failed to provide email addresses and log-in information for Breyer Capital and its affiliated entities as well as banking and financial account log-in information. Roberts also wiped clean her Instagram account which—in addition to being an act of spoliation—is nonetheless a perfect incarnation of the "Instagram vs. Reality" meme:



23.    Breyer Capital now brings this claim to recover the amounts taken by Roberts.

## VI.
## CAUSES OF ACTION

24.    All preceding paragraphs are hereby incorporated as if fully set forth herein.

**A.      Violation of Texas Theft Liability Act**

25.      Roberts unlawfully appropriated company funds from Breyer Capital through the scheme described above.  Roberts obtained these company funds without Breyer Capital's effective consent and with the intent to deprive Breyer Capital of such funds, all in violation of the Texas Theft Liability Act and Chapter 31 of the Texas Penal Code.

26.      As a direct and proximate result of Roberts's conduct, Breyer Capital has suffered and will continue to suffer damages, and Breyer Capital seeks compensatory damages for Roberts's wrongful conduct.  Further, Breyer Capital seeks additional damages of up to $1,000.00 pursuant to § 134.005 of the Texas Civil Practice and Remedies Code.

27.      Breyer Capital further seeks its reasonable attorneys' fees under § 134.005(b) of the Texas Civil Practice and Remedies Code.

**B.      Money Had and Received**

28.      Roberts holds money that in equity and good conscience belongs to Breyer Capital in an amount to be proven at trial.  Roberts is liable for actual damages, exemplary damages, pre-judgment and post-judgment interest, and costs of court.

29.      Breyer Capital further seeks the imposition of a constructive trust on all property, including money, obtained by Roberts as a result of her unjust enrichment.  It also seeks an equitable accounting from Roberts and the imposition of equitable relief to prohibit further alienation of the stolen funds so that the Court can determine equitable title to property obtained directly or indirectly with the funds obtained through Roberts's unjust enrichment.

### C.    Conversion

30.    Roberts is liable for conversion with respect to all funds and other company property that she stole or wrongfully obtained from Breyer Capital through the scheme described above.  By the scheme devised above, Roberts wrongfully exercised dominion and control over Breyer Capital's property, and Breyer Capital suffered injury as a result of her misconduct.  Despite written demand, Roberts has not returned the property.  Roberts is liable to Breyer Capital for actual damages, including the lost value of the property, loss of use, lost profits, and exemplary damages.  Additionally, Breyer Capital seeks recovery of pre-judgment and post-judgment interest, and costs of court.

### D.    Breach of Fiduciary Duty

31.    Roberts was a fiduciary to Breyer Capital.  As such, she owed duties of loyalty, candor, to refrain from self-dealing, and disclosure, among others.  Roberts intentionally and knowingly breached these duties to Breyer Capital, as set forth above and as will be further developed in discovery.

32.    Breyer Capital has been severely damaged by these fiduciary breaches and seeks full monetary and equitable recompense in this Court.  Breyer Capital seeks actual and exemplary damages from Roberts.  It further seeks restitution of all amounts embezzled by Roberts and disgorgement of all profits, proceeds, or other ill-gotten gains flowing from the embezzled funds.

33.    Breyer Capital further seeks the imposition of a constructive trust on all property, including money, obtained by Roberts as a result of her breaches of her fiduciary duties.  It also seeks an equitable accounting from Roberts and the imposition of equitable

relief to prohibit further alienation of the stolen funds so that the Court can determine equitable title to property obtained directly or indirectly with the funds obtained through Roberts's breaches of fiduciary duty.

**E.    Unjust Enrichment**

34.    Roberts has been unjustly enriched by embezzling company funds from Breyer Capital through the scheme described above.  The funds embezzled and stolen by Roberts in equity and good conscience belong to Breyer Capital.  Breyer Capital is entitled to damages so that Roberts will not be unjustly enriched due to her conduct.

35.    Breyer Capital further seeks the imposition of a constructive trust on all property, including money, obtained by Roberts as a result of her unjust enrichment.  It also seeks an equitable accounting from Roberts and the imposition of equitable relief to prohibit further alienation of the stolen funds so that the Court can determine equitable title to property obtained directly or indirectly with the funds obtained through Roberts's unjust enrichment.

**F.    Fraud**

36.    Roberts implemented a scheme to defraud Breyer Capital out of more than a million dollars by making false and material representations to the company as the true nature of various expenses being charged the company.  Roberts also failed to disclose certain expenditures.  Roberts knew the representations were false or made the assertions recklessly, as a positive assertion, and without knowledge of the truth.  The statements were made with the intent that Breyer Capital act on them, which it did.  Roberts's fraud has caused Plaintiff to suffer damages.

**G.    Exemplary Damages**

37.    With respect to the claims listed above for which Breyer Capital seeks recovery of exemplary damages, Breyer Capital will satisfy the statutory requirements for recovery of such damages, *i.e.*, that clear and convincing evidence shows that the harm to plaintiff resulted from the defendant's fraud, malice, or gross negligence and that actual damages greater than nominal damages were also incurred.  Further, the exemplary damages sought by Breyer Capital against  Defendant are uncapped pursuant to one or more of the following provisions of Texas Civil Practice and Remedies Code: § 41.008(d)(10) (misapplication of fiduciary property) and (13) (theft).

## VII.
## CONDITIONS PRECEDENT

38.    All conditions precedent to Breyer Capital's claims for relief against Roberts have been performed or have occurred.

## VIII.
## JURY DEMAND

39.    Breyer Capital demands a trial by jury on all claims and counterclaims at issue in this action, and will tender the applicable jury fee, pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## IX.
## APPLICATION FOR INJUNCTIVE RELIEF

40.    Breyer Capital incorporates herein by reference the allegations set forth in the preceding paragraphs.

41.    Pursuant to TEX. R. CIV. P. 680, Breyer Capital seeks a temporary restraining order ("TRO"), temporary injunction ("TI"), and a permanent injunction against Defendant

to maintain the status quo (prior to any wrongdoing) during the pendency of this lawsuit and to enjoin certain conduct at the conclusion of this case. This application for a TRO and TI is supported by the Verification of Jim Breyer and made pursuant to TEX. R. CIV. P. 680 and 682. *See* Exhibit 1.

## A.    Grounds for Issuing TRO and TI.

42.    TROs and TIs serve to maintain the status quo between the parties during the pendency of a lawsuit, where the "[s]tatus quo is the last actual, peaceable, non-contested status that preceded the pending controversy." *See, e.g.*, *Surko Enters., Inc. v. Borg-Warner Acceptance Corp.*, 782 S.W.2d 223, 224 (Tex. App.—Houston [1st Dist.] 1989, no writ) (internal quotations omitted). To obtain a TRO or TI, Plaintiff needs only to: (a) plead a cause of action against the party to be restrained; (b) show a probable right to recover on that cause of action; and (c) show that a probable, imminent, and irreparable injury for which there is no adequate remedy at law will occur in the interim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Thus, Breyer Capital need only to "produce evidence tending to prove a probable right to recovery on the merits and a probable injury if the injunction is not granted." *El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883, 886 (Tex. App.—Corpus Christi 1987, no writ).

43.    Breyer Capital's application for TRO and TI is authorized by TEX. CIV. PRAC. & REM. CODE §§ 65.011(1) & 65.011(3). Section 65.011(1) authorizes an injunction if "the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant." TEX. CIV. PRAC. & REM. CODE § 65.011(1). Section 65.011(3) authorizes an injunction if "the applicant is entitled to a writ of injunction under the principles of equity and the laws of Texas relating to injunctions." *Id.* § 65.011(3).

**B.    Breyer Capital Has Shown Wrongful Acts by Roberts and a Likelihood of Success on the Merits**

44.    As set forth in the foregoing paragraphs, all of which are incorporated herein by reference, Roberts has committed against Breyer Capital the wrongful acts of theft, embezzlement, conversion, and breaches of her fiduciary duties to Breyer Capital.  These wrongful acts make it clear that Breyer Capital is likely to succeed on the merits of its case.

**C.    Absent the Requested Injunctive Relief, Breyer Capital Will Suffer Imminent and Irreparable Harm for Which No Adequate Remedy at Law Exists**

45.    As set forth above, the harm that will be caused to Breyer Capital by Roberts's wrongful acts is imminent because she has already stolen and embezzled company funds through the scheme described above.  It is also probable and imminent that absent the requested injunctive relief, Roberts will further harm Breyer Capital by spending, transferring, wasting, hiding, disguising, or otherwise alienating the funds she embezzled from Breyer Capital (or the personal and real property she bought with those funds).  Indeed, Roberts has already used the funds to pay certain property taxes due and owing on the Condo.  *Id.*   These past acts establish an imminent threat of future alienation or loss of the embezzled funds.

46.    Absent the requested injunctive relief, the harm Breyer Capital will suffer is irreparable.  Roberts is an individual and likely lacks the ability to satisfy a judgment entered against her for the amount she embezzled.  Any alienation of the embezzled funds—be it Roberts's admitted past alienation or imminent future alienation—substantially diminishes or, more likely, will outright preclude Breyer Capital from recovering the funds embezzled by Roberts.  Thus, without the requested injunctive relief, Breyer Capital will effectively be without a remedy.  *See e.g., Bauchum v. Texam Oil Corp.*, 423 S.W.2d 434 (Tex. Civ. App.—El

Paso 1967, writ ref'd n.r.e.) (affirming temporary injunction freezing defendants' assets in a suit alleging that defendants had stolen corporate funds); *Texas Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 533 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (holding trial court abused its discretion in denying temporary injunction because the plaintiff demonstrated them defendant would be unable to satisfy a money judgment in plaintiff's favor); *Surko Enters. v. Borg-Warner Acceptance Corp.*, 782 S.W.2d 223, 225 (Tex. App.—Houston [1st Dist.] 1989, no writ) (affirming temporary injunction preserving collateral on the grounds that the defendant was unable to satisfy the total amount alleged to be owed to plaintiff).

## D.    The Balancing of the Equities, Including the Public Interest, and Maintenance of the Status Quo Justifies Issuance of the Temporary Restraining Order

47.    Irreparable harm will be sustained by Breyer Capital if Roberts is not restrained from (i) possessing or controlling funds embezzled from Breyer Capital, and (ii) spending, transferring, wasting, hiding, disguising, or otherwise alienating the funds she embezzled from Breyer Capital.

48.    On the other hand, Roberts is not likely to be prejudiced by an injunction because she has no legal right to possession or use of the funds she embezzled from Breyer Capital.  Thus, the balancing of the harm and the public interest favors the issuance of the requested temporary restraining order and temporary injunction.  Indeed, the public interest weighs strongly in favor of preventing theft and embezzlement.  Further, a temporary restraining order and/or temporary injunction will not impose an undue hardship on Roberts because she can make a living by utilizing non-embezzled funds she justly obtained.

49.    For all the foregoing reasons, Breyer Capital seeks a temporary restraining order and temporary and permanent injunctions enjoining Defendant, and those acting in concert with Defendant, from and requiring that:

a.    Defendant be enjoined from possessing or controlling any and all funds she wrongfully took from Breyer Capital; provided, however, that Defendant shall be permitted to transfer and deposit any funds she took from Breyer Capital into the registry of the Court;

b.    Defendant be enjoined from spending, transferring, wasting, hiding, disguising, or otherwise alienating or depleting the funds she took from Breyer Capital; provided, however, that Defendant shall be permitted to transfer and deposit any funds she embezzled from Breyer Capital into the registry of the Court;

c.    Defendant be enjoined from transferring, wasting, hiding, disguising, or otherwise alienating or disposing of any real or personal property she acquired using any portion of the funds she took from Breyer Capital;

d.    Within forty-eight hours of notice of issuance of this Order, Defendant identify in writing to counsel for Breyer Capital any and all accounts, whether under Defendant's ownership or control or not, to which the taken funds have been transferred, including the number(s) for such account(s), the identity of the holder(s) of such account(s), and the financial institution(s) or other location(s) at which such account(s) are held; and

e.    Defendant be enjoined from destroying or spoliating any documents or communications of any kind, whether in written or electronic form, concerning Defendant's embezzlement of Breyer Capital's funds, including, but not limited to, the location or present status of such funds and any transfer, use, or alienation of such funds.

50.    Attached as <u>Exhibit 3</u> to this Application is a proposed Temporary Restraining Order incorporating the terms immediately above.

**E.    Bond.**

51.    Plaintiff is willing to post bond in an amount the Court deems appropriate to protect Defendant from any harm she may sustain as a result of the temporary relief requested herein.  *See* TEX. R. CIV. P. 680.  But given the circumstances of this case, Defendant's misconduct, and the status quo, Plaintiff respectfully asks the Court to exercise its discretion

in such a manner that would only require Plaintiff to post a bond of nominal amount. *See El Paso Dev. Co.*, 729 S.W.2d at 888-89 (while the bond amount must have some relation to the potential damages in this lawsuit, a $15,000 bond was adequate for a debt of over $7 million because there was sufficient collateral). Breyer Capital also respectfully requests that it be permitted to post a cash deposit in lieu of bond.

## X.
## APPLICATION FOR WRIT OF ATTACHMENT

52.     Breyer Capital also moves the Court for entry of an order requiring Roberts to deposit into the registry of the Court any remaining funds that she embezzled from Breyer Capital. This relief is sought to place the funds under safekeeping during the pendency of this litigation and to prevent Defendant from further alienating the embezzled funds and thereby placing them outside the reach of the judicial process. Under the circumstances presented by the sworn testimony above, the Court possesses such power through the remedy of attachment pursuant to Texas Rule of Civil Procedure 592 *et seq.* or, alternatively, through the exercise of the Court's recognized inherent authority to prevent the loss or depletion of disputed funds.

### A.    The Court Should Enter An Order for Deposit of Funds into the Court's Registry Through its Attachment Power

53.     A writ of attachment is available in a lawsuit if: (a) the defendant is justly entitled to the plaintiff; (b) the attachment is not sought for the purpose of injuring or harassing the defendant; (c) the plaintiff will probably lose his debt unless the writ of attachment is issued; and (d) specific grounds for the writ exist under Texas Civil Practice & Remedies Code § 61.002. Tex. Civ. Prac. & Rem. Code § 61.001. Specified grounds for attachment under

Section 61.002 include: (a) the defendant has hidden or is about to hide her property for the purpose of defrauding her creditors; (b) the defendant has disposed of or is about to dispose of all or part of her property with the intent to defraud her creditors; (c) the defendant owes the plaintiff for property obtained by the defendant under false pretenses; and (d) the defendant is about to or has already moved from this state permanently and has refused to pay or secure the debt owed to Plaintiff.  As established by the attached Verification, the grounds for attachment have been established.

54.     The funds embezzled by Roberts through the scheme described above is a debt justly owed by Roberts to Breyer Capital.  The attachment is not sought for the purpose of injuring or harassing Roberts because Breyer Capital is seeking to recover a debt that it genuinely and in good faith believes to be owed.  Finally, the surreptitious and unauthorized nature of Roberts's theft of company funds, her transfer of such funds to her bank accounts, and subsequent transfer of embezzled funds to others all demonstrate that Breyer Capital will probably lose its debt unless the writ of attachment is issued and that specified grounds for attachment under Section 61.002 exist—namely, that (a) the defendant has hidden or is about to hide her property for the purpose of defrauding her creditors; (b) the defendant has disposed of or is about to dispose of all or part of her property with the intent to defraud her creditors; and (c) the defendant owes the plaintiff for property obtained by the defendant under false pretenses.

**B.    Alternatively, The Court Should Enter An Order for Deposit of Funds into the Court's Registry Through its Inherent Authority to Prevent Loss or Depletion of Disputed Funds**

55.    In the alternative to the statutory attachment procedure, Breyer Capital respectfully requests that the Court enter an order for deposit of funds into the Court's registry through its inherent authority to prevent loss or depletion of disputed funds.  The power to order deposit of funds into the court's registry has been widely recognized by Texas courts and is appropriate when a "plaintiff can show a dispute about a fund and show the fund is in danger of being depleted."  *Behringer Harvard Royal Island, LLC v. Skokos*, No. 05-09-00332-CV, 2009 Tex. App. LEXIS 9456, at *8 (Tex. App.—Dallas Dec. 14, 2009, no pet.) (citing *Castilleja v. Camero*, 414 S.W.2d 431, 433–34 (Tex. 1967)); *see also, e.g., Zhao v. XO Energy, LLC*, No. 01-15-00937-CV, No. 01-16-00053-CV, 2016 Tex. App. LEXIS 4757, at *27 (Tex. App.—Houston [1st Dist.] May 5, 2016, no pet. hist.); *O'Brien v. Baker*, No. 05-15-00489, 2015 Tex. App. LEXIS 11562, at *9 (Tex. App.—Dallas Nov. 9, 2015) ("A trial court can order disputed funds paid into the registry of the court if there is evidence the funds are in danger of being lost or depleted."); *In re Reveille Res., Inc.*, 347 S.W.3d 301, 304 (Tex. App.—San Antonio 2011, no pet.) (same).

56.    Here, there is substantial risk of depletion or loss of the funds embezzled by Roberts.  Specifically, the surreptitious and unauthorized nature of Roberts's theft of company funds, her transfer of such funds to her bank accounts, her use of the embezzled funds to pay personal expenses, each show that Roberts has almost certainly already lost or depleted the embezzled funds and that a substantial risk of further future loss exists.

57.     For these reasons, Breyer Capital respectfully requests that the Court order the deposit of funds into the Court's registry as set forth in the proposed TRO attached hereto through its inherent power without requirement of bond.  Alternatively, should the Court determine that a bond is required, Breyer Capital respectfully requests that it be permitted to post a nominal cash deposit in lieu of bond in a reasonable amount to be determined by the Court.

## XI.
## MOTION FOR EXPEDITED DISCOVERY

58.     Plaintiff also requests that the Court allow it to take expedited discovery from Defendant and third parties on issues pertaining to Plaintiff's request for a temporary injunction. For the purposes of the temporary injunction hearing, Plaintiff seeks discovery of additional evidence relating to Defendants' theft, fraudulent transfers of the stolen funds, and assets currently held by Defendant. Accordingly, Plaintiff requests leave to immediately serve no more than ten (15) requests for production and five (5) interrogatories to Defendant, and that the Court order Defendant to serve their responses within five (5) days of service. Plaintiff also requests leave to immediately depose Defendant. In addition, Plaintiff requests leave to serve subpoenas on third parties, including third party financial institutions and Wheels Up Experience, Inc., with responses due prior to the Temporary Injunction hearing.

## XII.
## ATTORNEY'S FEES

59.     Pursuant to Section 134.005(b) of the Texas Civil Practice and Remedies Code, Breyer Capital is entitled to and hereby seeks its attorneys' fees in prosecuting this action.

## XIII.
## PRAYER

WHEREFORE, PLAINTIFF Breyer Capital Management, L.P. requests that Defendant Catherine Roberts be cited to appear and answer, and respectfully requests that this Court award:

a. Injunctive relief as requested above, first in the manner of a temporary restraining order in the form attached hereto as Exhibit 3, then as a temporary injunction, and finally as a permanent injunction;

b. An order for the deposit of funds into the Court's registry as set forth in the proposed form attached hereto as Exhibit 3;

c. Writ of attachment;

d. Judgment against Roberts for a sum for actual damages to be proven in this litigation;

e. Judgment against Roberts for a sum to be requested at trial of this matter representing exemplary and/or punitive damages for her malicious, intentional and/or wrongful conduct;

f. Costs and attorneys' fees;

g. Prejudgment and post-judgment interest as provided by law;

h. Equitable relief in the form of:

   – an equitable accounting from Roberts;
   – restitution of all amounts embezzled by Roberts;
   – disgorgement of all profits, proceeds, or other ill-gotten gains flowing from the embezzled funds;
   – imposition of a constructive trust on all property, including money, obtained by Roberts as a result of her breaches of her fiduciary duties and embezzlement of company funds; and

i. Such other and further relief, at law or in equity, to which Breyer Capital may be justly entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: _/s/ Scott W. Weatherford_
    Matt Dow
    State Bar No. 06066500
    mdow@jw.com
    Scott W. Weatherford
    State Bar No. 24079554
    sweatherford@jw.com
    100 Congress Avenue, Suite 1100
    Austin, Texas  78701
    (512) 236-2000
    (512) 236-2002 – Fax

    **ATTORNEYS FOR PLAINTIFF**

# Exhibit 1

## VERIFICATION

STATE OF TEXAS            §
                         §
COUNTY OF TRAVIS          §

BEFORE ME, the undersigned authority, personally appeared Jim Breyer, a person whose identity is known to me and who, being by me duly sworn upon oath, stated:

1.      "My name is Jim Breyer.  I am over twenty-one years of age, of sound mind, and fully capable of making this verification.

2.      I am the Founder and CEO for Plaintiff Breyer Capital Management, L.P.

3.      I have read Plaintiff's Original Petition and Application for Injunctive Relief and Writ of Attachment.  The factual statements in paragraphs 8–23, 45–47, and 54 are based upon my personal knowledge or information contained in Plaintiff's business records and, based on the foregoing, are true and correct."

FURTHER, AFFIANT SAYETH NOT.

_____
Jim Breyer

SWORN TO AND SUBSCRIBED TO BEFORE ME, the undersigned authority, this 8th day of February 2023.

_____
Notary Public, State of Texas
My commission expires on
02/28/2026
By: _____ Chiaju Lin _____

CHIAJU LIN
Notary Public, State of Texas
Comm. Expires 02-28-2026
Notary ID 133615257

# Exhibit 2

# Simpson Thacher & Bartlett LP

2475 HANOVER STREET
PALO ALTO, CA 94304

_____

TELEPHONE:
FACSIMILE: +1-650-251-5002

Direct Dial Number                                                                                    E-mail Address

+1-650-251-5127                                                                                       rguo@stblaw.com

December 29, 2022

Catherine A. Roberts
202 Nueces St #2005
Austin, TX 78701

Dear Catherine:

This letter is written to inform you that your employment with Breyer Capital
Management LP ("Breyer Capital") is terminated effective immediately due to misconduct.
Specifically, our ongoing investigation has revealed that you have misappropriated company
monies for personal benefit. We fully expect you to disclose to Breyer Capital each instance
in which you used company resources for your personal benefit, including but not limited to
the unauthorized bonus that you paid to yourself, unauthorized payment of additional salary
from WPB Management, LLC (f/k/a WPB, LLC), your use of company monies to pay your
personal property taxes, and use of company monies for personal luxury items and
unauthorized travel (including unauthorized use of private air travel).  We also require that
you promptly reimburse Breyer Capital for such unauthorized expenditures, whether
described above or otherwise.

Further, if you have not already done so, we ask you to cease and desist any and all
activity on behalf of Breyer Capital and its affiliates, cease access to any and all bank,
brokerage and other accounts in the name of Breyer Capital and/or its affiliates, and cease the
use of any debit, credit and similar cards in your possession that are in the name of Breyer
Capital and/or its affiliates.

Your final paycheck will be provided to you on January 3, 2023 and will include
payment for unused, accrued vacation hours.

Finally, as noted in an email dated December 22, 2022 regarding your obligations
under the Restrictive Covenant Agreement, we are concerned that you have not returned all
Company property in your possession, including but not limited to your files (hard copy and
electronic) and Breyer Capital-issued computers, laptops or cellphones (as well as
accompanying log-ins/passwords).  Please return all of the property and log-ins/passwords to

Simpson Thacher & Bartlett LLP

Catherine A. Roberts                    -2-                    December 29, 2022

Mark Luera on or before January 3, 2023. Moreover, you should preserve all electronic communications (emails and text messages) regarding your misappropriation of company property and funds.

Breyer Capital and its affiliates do not waive and expressly reserve all claims, rights, and remedies which Breyer Capital and/or any one or more of its affiliates may have in connection with the matters described above, any related matters, and any other matters or incidents not presently known.

If you have any questions, please contact me directly via email.

Sincerely,

Robert M. Guo

CC:  Chet Kronenberg
     Jackson Walker LLP
        Attn:  Matt Dow
               Tim Taylor

# Exhibit 3

CAUSE NO. _____

| | | |
|---|---|---|
| **BREYER CAPITAL MANAGEMENT, L.P.,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CATHERINE ROBERTS,** | § | |
| *Defendant.* | § | **___ JUDICIAL DISTRICT** |

## <u>TEMPORARY RESTRAINING ORDER</u>

On this day came on to be heard the application for Temporary Restraining Order of Plaintiff Breyer Capital Management, L.P. ("Plaintiff").  After due notice having been given, the Court, having read and considered Plaintiff's Original Petition and Application for Injunctive Relief and Writ of Attachment, and the verifying Declaration of Jim Breyer, is of the opinion that it clearly appears from the specific facts set forth in Plaintiff's Petition and the verifying documents that immediate and irreparable injury will result to Plaintiff before a hearing can be held, unless Defendant Catherine Roberts ("Defendant") is immediately restrained as set forth in this Order.

Plaintiff has alleged causes of action for violation of the Texas Theft Liability Act, money had and received, conversion, breach of fiduciary duty, fraud, and unjust enrichment, and has a likelihood of success on the merits of those claims.  The facts presented by Plaintiff demonstrate that Defendant embezzled at least $1,000,000 from Plaintiff.  The Court finds that the amounts embezzled by Defendant that have not been returned are debts justly owed by Defendant to Plaintiff.

Based on the evidence presented by Plaintiff, the Court finds that, absent the entry of this Temporary Restraining Order, there is imminent and substantial danger that the

**TEMPORARY RESTRAINING ORDER**                                                                 **Page** 1

embezzled funds will be further spent, transferred, wasted, hidden, disguised, or otherwise alienated by Defendant.  Any further alienation of the embezzled funds would substantially diminish or preclude Plaintiff from recovering the funds embezzled by Defendant, creating a substantial and imminent risk of irreparable harm for which no adequate remedy at law exists.

The Court finds, based on the evidence presented by Plaintiff, that the amounts embezzled by Defendant that have not been repaid are debts justly owed by Defendant to Plaintiff; that deposit of embezzled funds into the Court's registry is not sought for the purpose of injury nor harassing Defendant; that Plaintiff will probably lose its debt unless the embezzled funds are deposited into the Court's registry, and that the following grounds exist: (a) Defendant has hidden or is about to hide her property for the purpose of defrauding Plaintiff; (b) Defendant has disposed of or is about to dispose of all or part of her property with the intent to defraud Plaintiff; (c) Defendant owes Plaintiff for property obtained by Defendant under false pretenses; and (d) Defendant is about to or has already moved from this state permanently.  More specifically, based on evidence presented by Plaintiff related to the surreptitious nature of Defendant's embezzlement, Defendant's prior alienation of the embezzled funds, and Defendant's false statements that certain embezzled funds were actually verified reimbursements, and Defendant's continued unfulfilled promises to return the money, the Court finds that the funds embezzled by Defendant have already been lost or depleted, that an imminent and substantial risk of further loss and depletion exists, and that an order requiring deposit of any remaining embezzled funds into the Court's registry is just and proper.

The actual and threatened injury to Plaintiff outweighs any injury to Defendant, and issuance of a temporary restraining order would not disserve the public interest, but would

restore the status quo prior to the wrongful actions of Defendant. The need to issue this order is supported by the above-recited summary of facts. In particular, the urgency of the need to guard against continued and further loss, depletion, or other alienation of Plaintiff's funds embezzled by Defendant supports immediate issuance of this order without notice.

It is therefore ORDERED that the Clerk issue a Temporary Restraining Order, to continue in effect for fourteen (14) days, or until further order of the Court, restraining and enjoining Defendant and those acting in concert with Defendant from and requiring that:

a. Defendant be enjoined from possessing or controlling any and all Breyer Capital Property[1]; provided, however, that Defendant shall be permitted to transfer and deposit Breyer Capital Property into the registry of the Court;

b. Defendant be enjoined from spending, transferring, wasting, hiding, disguising, or otherwise alienating or depleting Breyer Capital Property; provided, however, that Defendant shall be permitted to transfer and deposit Breyer Capital Property into the registry of the Court;

c. Within forty-eight hours of notice of issuance of this Order, Defendant identify in writing to counsel for Breyer Capital any and all accounts, whether under Defendant's ownership or control or not, to which the taken funds have been transferred, including the number(s) for such account(s), the identity of the holder(s) of such account(s), and the financial institution(s) or other location(s) at which such account(s) are held; and

d. Defendant be enjoined from destroying or spoliating any documents or communications of any kind, whether in written or electronic form, concerning Defendant's embezzlement of Breyer Capital's funds, including, but not limited to, the location or present status of such funds and any transfer, use, or alienation of such funds.

---

[1] "Breyer Capital Property" shall mean and refer to (a) funds transferred to Defendant or on Defendant's behalf via wire transfer or ACH transfer from an account owned by Breyer Capital Management, L.P., WPB Management, LLC or Pebble Property Holdings, LLC and (b) real, personal, or intangible property purchased or acquired—in whole or in part—using (i) a credit card account owned by Breyer Capital Management, L.P., WPB Management, LLC or Pebble Property Holdings, LLC or (ii) any of the funds identified in subsection (a).

**TEMPORARY RESTRAINING ORDER**                                                    **Page** 3

It is further ORDERED that, within forty-eight (48) hours of notice of issuance of this order, Defendant shall deposit into the registry of the Court any and all remaining funds transferred to Defendant or on Defendant's behalf via wire transfer or ACH transfer from an account owned by Breyer Capital Management, L.P., WPB Management, LLC or Pebble Property Holdings, LLC and that such funds shall remain in the Court's registry until further order of the Court.

This Temporary Restraining Order shall not be effective until Plaintiff files with the Clerk a bond, or cash deposit in lieu thereof, in the amount of $_____.

It is further ORDERED that Plaintiff's Application for Temporary Injunction is set for hearing in this Court on the _____ day of _____, 2023, at _____ o'clock, _____.m.

SIGNED THIS ___ DAY OF _____ 2023, at _____ o'clock, ___.m.

_____
HONORABLE JUDGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kristine Porter on behalf of Matt Dow
Bar No. 6066500
kporter@jw.com
Envelope ID: 72602634
Status as of 2/9/2023 2:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Matt Dow | | mdow@jw.com | 2/9/2023 11:18:43 AM | SENT |
| Scott Weatherford | | sweatherford@jw.com | 2/9/2023 11:18:43 AM | SENT |
| Tim Taylor | | ttaylor@jw.com | 2/9/2023 11:18:43 AM | SENT |

# Exhibit 1

# Part C

## CAUSE NO. D-1-GN-23-000630

| | | |
|---|---|---|
| **BREYER CAPITAL** | § | **IN THE DISTRICT COURT** |
| **MANAGEMENT, L.P.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CATHERINE ROBERTS,** | § | |
| *Defendant.* | § | **345th JUDICIAL DISTRICT** |

## TEMPORARY RESTRAINING ORDER

On this day came on to be heard the application for Temporary Restraining Order of Plaintiff Breyer Capital Management, L.P. ("Plaintiff"). The Court, having read and considered Plaintiff's Original Petition and Application for Injunctive Relief and Writ of Attachment, and the verifying Declaration of Jim Breyer, is of the opinion that it clearly appears from the specific facts set forth in Plaintiff's Petition and the verifying documents that immediate and irreparable injury will result to Plaintiff before a hearing can be held, unless Defendant Catherine Roberts ("Defendant") is immediately restrained as set forth in this Order.

The Court finds that, absent the entry of this Temporary Restraining Order, there is imminent and substantial danger that any funds in possession of Defendant belonging to Plaintiff may be further spent, transferred, wasted, hidden, disguised, or otherwise alienated by Defendant. Any alienation of Plaintiff's funds would substantially preclude Plaintiff from recovering the funds, creating a substantial and imminent risk of irreparable harm for which no adequate remedy at law exists.

The actual and threatened injury to Plaintiff outweighs any injury to Defendant, and issuance of a temporary restraining order would not disserve the public interest, but would

**TEMPORARY RESTRAINING ORDER**                                                    **Page** 1

35186287v.1

restore the status quo prior to the wrongful actions of Defendant. The need to issue this order is supported by the above-recited summary of facts. In particular, the urgency of the need to guard against continued and further loss, depletion, or other alienation of Plaintiff's funds embezzled by Defendant supports immediate issuance of this order without notice.

It is therefore ORDERED that the Clerk issue a Temporary Restraining Order, to continue in effect for fourteen (14) days, or until further order of the Court, restraining and enjoining Defendant and those acting in concert with Defendant from and requiring that:

a. Defendant be enjoined from possessing or controlling any and all Breyer Capital Property[1]; provided, however, that Defendant shall be permitted to transfer and deposit Breyer Capital Property into the registry of the Court;

b. Defendant be enjoined from spending, transferring, wasting, hiding, disguising, or otherwise alienating or depleting Breyer Capital Property; provided, however, that Defendant shall be permitted to transfer and deposit Breyer Capital Property into the registry of the Court;

c. Defendant be enjoined from destroying or spoliating any documents or communications of any kind, whether in written or electronic form, concerning Defendant's embezzlement of Breyer Capital's funds, including, but not limited to, the location or present status of such funds and any transfer, use, or alienation of such funds.

This Temporary Restraining Order shall not be effective until Plaintiff files with the Clerk a bond, or cash deposit in lieu thereof, in the amount of $1,000.

---

[1]    "Breyer Capital Property" shall mean and refer to (a) funds transferred to Defendant or on Defendant's behalf via wire transfer or ACH transfer from an account owned by Breyer Capital Management, L.P., WPB Management, LLC or Pebble Property Holdings, LLC and (b) real, personal, or intangible property purchased or acquired—in whole or in part—using (i) a credit card account owned by Breyer Capital Management, L.P., WPB Management, LLC or Pebble Property Holdings, LLC or (ii) any of the funds identified in subsection (a).

**TEMPORARY RESTRAINING ORDER**                                              **Page** 2

It is further ORDERED that Plaintiff's Application for Temporary Injunction is set for hearing in this Court on the 23rd day of February, 2023, at 2 o'clock, p.m.

SIGNED THIS 9th DAY OF February 2023, at 4:43 o'clock, p .m.

_____
HONORABLE JUDGE

# Exhibit 1

## Part D

CAUSE NO. D-1-GN-23-000630

| | | |
|---|---|---|
| **BREYER CAPITAL** | § | **IN THE DISTRICT COURT** |
| **MANAGEMENT, L.P.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CATHERINE ROBERTS,** | § | |
| *Defendant.* | § | **345th JUDICIAL DISTRICT** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

CAME ON TO BE HEARD Plaintiff Breyer Capital Management L.P.'s ("Plaintiff") Request for Expedited Discovery. From the facts set forth in the Request and the arguments of counsel, the Court finds that Plaintiff's Request should be GRANTED in its entirety.

It is there therefore ORDERED, ADJUDGED, and DECREED that the following expedited discovery schedule shall apply in this case prior to the hearing on Plaintiff's Application for Temporary Injunction:

A. Defendant shall present herself for deposition no later than three (3) days prior to the hearing on Plaintiff's Application for Temporary Injunction;

B. Defendant shall respond to no more than fifteen (15) requests for production and five (5) interrogatories; such responses and corresponding responsive, non-privileged documents shall be due within five (5) days of service.

C. Plaintiff is permitted to serve a non-party subpoena on Wheels Up Experience, Inc. and any other non-party, with responses to be due prior to the hearing on Plaintiff's Application for Temporary Injunction.

Filed on 2/9/2023 4:59:31 PM Travis County District Clerk, Velva L. Price

It is further ORDERED, ADJUDGED, and DECREED that the discovery taken pursuant to this Order shall not limit any parties' ability to take full and complete discovery in the future.

SIGNED this __9th__ day of February 2023.

_____
HONORABLE JUDGE

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BREYER CAPITAL MANAGEMENT, L.P., | § § § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | Jury Demanded |
| CATHERINE ROBERTS, | § | |
| *Defendant*. | § § § | |

---

## LIST OF CURRENT ATTORNEYS OF RECORD

---

**Current Attorneys of Record for Plaintiff, Breyer Capital Management, L.P.:**

Matt Dow
Texas State Bar No. 06066500
mdow@jw.com
Scott W. Weatherford
Texas State Bar No. 24079554
sweatherford@jw.com
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Tel. (512) 236-2000
Fax (512) 236-2002

**Current Attorneys of Record for Defendant, Catherine Roberts:**

Randy Howry
Texas State Bar No. 10121690
rhowry@howrybreen.com
HOWRY, BREEN & HERMAN, LLP
1900 Pearl Street
Austin, Texas 78705
Tel. (512) 474-7300
Fax. (512) 474-8557

# Exhibit 3

CAUSE NO. D-1-GN-23-000630

| | | |
|---|---|---|
| BREYER CAPITAL MANAGEMENT, L.P.,<br>    *Plaintiff*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | OF TRAVIS COUNTY, TEXAS |
| CATHERINE ROBERTS,<br>    *Defendant*. | §<br>§<br>§<br>§ | 345TH JUDICIAL DISTRICT |

---

**DEFENDANT CATHERINE ROBERTS' NOTICE OF FILING
NOTICE OF REMOVAL**

---

Defendant Catherine Roberts hereby gives notice, pursuant to 28 U.S.C. §1446(d), that it has filed with the United States District Court for the Western District of Texas, Austin Division, a Notice of Removal of the above-captioned civil action (the "Civil Action"), thereby removing the Civil Action from the 345th Judicial District Court of Travis County, Texas, to the Western District of Texas, Austin Division. Accordingly, this Court may proceed no further in this civil action unless and until the case is remanded.

A copy of Defendant's federal Notice of Removal is attached hereto as **Exhibit A**, and is being served upon counsel for all parties.

1

Dated: February 14, 2023

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

_____
Randy R. Howry
State Bar No. 10121690
rhowry@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorneys for Defendant Catherine Roberts*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all attorneys of record in this case by E-Service on February 14, 2023.

_____
Randy Howry

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Breyer Capital Management, L.P. | Catherine Roberts |

| (b) County of Residence of First Listed Plaintiff  Travis | County of Residence of First Listed Defendant  San Francisco |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Scott Weatherford and Matt Dow<br>Jackson Walker, LLP<br>100 Congress Ave., Ste. 1100 | Randy Howry<br>Howry Breen & Herman, LLP<br>1900 Pearl St. |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☐ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☒ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☒ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>    Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>    (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>1332(a)<br>Brief description of cause:<br>Theft, fraud, conversion |
|---|---|

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>02/14/2023 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/Randy Howry |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
Austin                         DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.    Please identify the court from which the case is being removed; the case number; and the complete style of the case.

345th Judicial District Court of Travis County, Texas; Cause No. D-1-GN-23-000630; Breyer Capital Management, L.P. v. Catherine Roberts

2.    Was jury demand made in State Court?          ☒ Yes      ☐ No

If yes, by which party and on what date?

Breyer Capital Management, L.P.                    February 9, 2023
Party Name                                         Date

**STATE COURT INFORMATION**:

1.    List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

| | |
|---|---|
| Breyer Capital Management, L.P. | Catherine Roberts |
| Matt Dow and Scott Weatherford | Randy Howry |
| Jackson Walker LLP | Howry Breen & Herman, LLP |
| 100 Congress Avenue, Suite 1100 | 1900 Pearl Street, Austin, TX 78705 |
| Austin, Texas 78701 T: (512) 236-2000 F: (512) 236-2002 | T:(512) 474.7300 F: (512) 474.8557 |

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

3.     List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.     List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

**VERIFICATION**:

 Randy Howry                                                  02/14/2023

Attorney for Removing Party                         Date

 Catherine Roberts, Defendant

Party/Parties

(NOTE:  Additional comment space is available on page 3)

Reset all fields          Print Form

**ADDITIONAL COMMENTS (As necessary)**: